IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID M. LOWERY**                                                                    **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.:** 1:23cv114 LG-RPM

**CBC RECOVERY, INC;**
**EQUIFAX INFORMATION SERVICES, LLC;**
**TRANS UNION, LLC;**
**AND JOHN DOES 1-10**                                                            **DEFENDANTS**

---

**COMPLAINT – Jury Trial Demanded**

---

COMES NOW, the Plaintiff, David Lowery (hereinafter "Lowery" or "the Plaintiff") by and through undersigned counsel and files this Complaint against the Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (hereinafter "the FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "the FDCPA").

**Parties**

1.    David Lowery is an adult resident of Harrison County, Mississippi, and is a "Consumer" as defined by both the FCRA and the FDCPA.

2.    CBC Recovery Inc. FKA Credit Bureau Central Inc. ("CBC") is Mississippi Corporation with its principal place of business in Hattiesburg, MS. It may be served thorough its registered agent and president, Monte Morris, at 1208 W. Pine St. Hattiesburg, MS 39401

3.    CBC uses the instrumentalities of interstate commerce to collect debts owed to other people and is a "debt collector" as that term is defined by the FDCPA.

4.    In this instance, CBC is a "furnisher" as defined by the FCRA.

- 1 -

5.      Equifax Information Services, LLC ("Equifax") is a Georgia Limited Liability Company that may be served through its registered agent, Corporation Service Company at 7716 Old Canton Rd. Suite C. Madison, MS 39110.

6.      Equifax is a "Consumer Reporting Agency" as that term is defined by 15 U.S.C. §1681(f).

7.      Trans Union, LLC ("Trans Union") is a Delaware corporation that may be served through its registered agent, The Prentice Hall Corporation System, Inc., at 7716 Old Canton Rd. Suite C. Madison, MS 39110.

8.      TransUnion is a "Consumer Reporting Agency" as that term is defined by 15 U.S.C. §1681(f).

9.      Throughout this Complaint, Trans Union and Equifax are sometimes collectively referred to as "the Credit Reporting Agencies."

10.     John Does 1-10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## Jurisdiction and Venue

11.     This Court has jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §§1331, 1337 and 1367. This jurisdiction includes supplemental jurisdiction with respect to any pendent state law claims.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the Plaintiff's asserted claims.

## Facts

13.     Prior to November 15, 2019, Lowery incurred various medical debts at private medical providers including Hattiesburg Clinic, PA.

14.    Lowery's medical debts were assigned to CBC for collection.

15.    As part of its collection efforts, CBC furnished information regarding one or more accounts owed by Lowery to Equifax and TransUnion.

16.    CBC continued to report these debts after the statute of limitations to collect the debts ran.

17.    Under Mississippi Code §15-1-3, the running of a statute of limitations extinguishes the right as well as the remedy regarding debt.  It is well established that the statute of limitations in this state is not merely an affirmative defense, instead the debt is "extinguished" once the statute has run. *Greene v. Greene*, 145 Miss. 87, 110 So. 218, 222-23 (Miss. 1926). "[T]he account ceases to be a debt. It is completely extinguished by the statute of limitation . . . ." Id. at 223; see also, H*awkins v. S. Pipe & Supply Co.*, 259 So. 2d 696, 697 (Miss. 1972); *Proctor v. Hart*, 72 Miss. 288, 16 So. 595, 596 (Miss. 1894). The Supreme Court of the United State has even noted the unique effect of Miss. Code §15-1-3 compared to other states. *See, Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1412 (2017) (noting "expiration of the limitations period extinguishes the remedy and the right.").

18.    The most recent Credit Reporting Resource Guide – a guide published by the Consumer Data Industry Association ("CDIA") provides that debts that are extinguished under state law should be reported as having a $0 balance and should have a Metro 2 Comment Code of DE- Debt Extinguished.

19.    In the information furnished by CBC to Equifax, the accounts are reported to have a balance greater than $0 and there is no "DE-Debt Extinguished" comment code – even though the debts were extinguished by the running of the statute of limitations.

20.    In the information furnished by CBC to Trans Union, the accounts are reported to have a balance greater than $0 and there is no "DE-Debt Extinguished" comment code – even though the debts were extinguished by the running of the statute of limitations.

21.    The information furnished by CBC to Equifax regarding Lowery's collection accounts was inaccurate.

22.    The information furnished by CBC to Trans Union regarding Lowery's collection accounts was inaccurate

23.    Due to the presence of the CBC accounts on his consumer reports, Lowery was subjected to higher interest rates for credit than he would have been if the derogatory information was not reported.

24.    Due to inaccurate and derogatory information on his consumer credit reports, Lowery was discouraged from applying for mortgage loans, auto loans, or other debt that would have allowed him to acquire equity in a home or automobile.

25.    On or about November 15, 2022, Lowery - through Counsel - sent letters to each of the Credit Reporting Agencies disputing various accounts on his consumer credit reports ("the Disputes").

26.    Upon receipt of the disputes by Lowery, Equifax and Trans Union had a duty to conduct a reasonable investigation of the disputed information pursuant to 15 U.S.C. §1681i(a)(1).

27.    Upon information and belief, the Credit Reporting Agencies each notified CBC of the dispute as required by 15 U.S.C. §1681i(2).

28.    Alternatively, TransUnion or Equifax failed to notify CBC of the disputes by Lowery.

29.    In response to Lowery's disputes, Equifax and TransUnion made no material changes to Lowery's consumer reports.

30.     Lowery's consumer report with Trans Union continues to report derogatory information regarding one account furnished by CBC.

31.     Lowery's consumer report with Equifax continues to report derogatory information regarding numerous collection accounts furnished by CBC.

32.     The dispute letters sent by Lowery's attorney clearly explained that the reported information was inaccurate balance of the debt should have been reported as $0. "[T]he account ceases to be a debt. It is completely extinguished by the statute of limitation . . . ." *Greene v. Greene*, 145 Miss. 87, 110 So. 218, 222-23 (Miss. 1926).[1]

33.     The reporting of the CBC accounts should also have featured a DE – Debt Extinguished Comment Code pursuant to credit reporting guidelines designed to ensure maximum accuracy of consumer credit reporting.[2]

34.     Correcting this information to comply Lowery's dispute would not prevent the Equifax and Trans Union from reporting accurate information regarding past delinquencies, instead the dispute was narrowly tailored to correct the inaccurate information about the collection status and current balance due.

35.     The information furnished by CBC to Equifax show that the debts are each over three years in age and that no payments were made within the past three years.

---

[1] See i.e. *Strohbehn v. Access Grp. Inc.*, 292 F. Supp. 3d 819, 832 (E.D. Wis. 2017)(holding that a Debt Collector's credit reporting was directed at non-existent debts". Wisconsin and Mississippi are the only two states in which the expiration of a statute of limitations extinguishes the right and the remedy associated with a debt. *See, i.e. Pantoja v. Portfolio Recovery Assocs., LLC,* 852 F.3d 679, 684 (7th Cir. 2017) (discussing Wisconsin's statute of limitations which has been described by the United States Supreme Court as the same. *See, Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1412 (2017)).

[2] The DE- Debt Extinguished Comment Code was established after a 2016 settlement between the Mississippi Attorney General, TransUnion, Equifax, and Experian that required each of the Credit Reporting Agencies to work with the Credit Data Industry Association to establish a more accurate way to report debts extinguished pursuant to laws like Mississippi Code §15-3-1.

36.    The information furnished by CBC to Trans Union show that the debts are each over three years in age and that no payments were made within the past three years.

37.    The information reported by CBC to the Credit Reporting Agencies coupled with the information provided by the Plaintiff's disputes was sufficient for the Credit Reporting Agencies to conclude that the debts were extinguished by state law and that the reporting by the CBC was inaccurate.

38.    CBC knew that the statute of limitations had run on each account for which it furnished information to Equifax and Trans Union

39.    Upon receipt of the disputes by Lowery's attorney, the Credit Reporting Agencies had a duty to conduct a reasonable investigation to determine the accuracy of the disputed account pursuant to 15 U.S.C. §1681i(a)(1).

40.    Equifax and Trans Union failed to perform a reasonable reinvestigation of the disputes.

41.    Following the disputes, each of the Credit Reporting Agencies continue to report most of the inaccurate information that was subject of the disputes.

42.    Accordingly, the Credit Reporting Agencies failed in their obligations under 15 U.S.C §1681i to conduct a reasonable investigation into the disputes and to correct the inaccurate information pursuant to said investigation.

43.    15 U.S.C. §1681s-2(b)(1) provides that after a Furnisher receives a credit reporting dispute from a Credit Reporting Agency, they shall perform the following steps:

   (A) conduct an investigation with respect to the disputed information;
   (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
   (C) report the results of the investigation to the consumer reporting agency;
   (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to

which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

44.     A reasonable investigation of the disputed information would have revealed that the reported information was inaccurate as was stated in Lowery's disputes.

45.     CBC failed to update the inaccurate information that it furnished to the Credit Reporting Agencies.

46.     CBC continues to publish false information in an attempt to coerce Lowery into paying the expired debts.

47.     Because of the Defendant's actions, Plaintiff has suffered actual damages including postage, attorneys' fees, and has been subjected to higher interest rates and denials of credit.

48.     Despite numerous opportunities to verify the debt and correct its errors prior to the filing of this Complaint, the Credit Reporting Agencies and CBC have failed to update and properly report the above accounts.

49.     As a result, Lowery was forced to retain counsel to address these issues and ultimately file this complaint.

50.     CBC failed to conduct a reasonable investigation pursuant to the Fair Credit Reporting Act. If it had done so, it would have furnished information showing a $0.00 balance and that the purported debt was extinguished.

51.    Equifax failed to conduct reasonable reinvestigation regarding the information furnished

by CBC.  There was sufficient information between the information provided by CBC and

the information provided by Lowery's disputes to allow Equifax to conclude that the debts

to CBC should have been reported as having a $0 balance and a DE- Debt Extinguished

Metro 2 Comment Code.

52.    The Credit Reporting Agencies and CBC failed to follow the procedures that Congress laid

out in the FCRA regarding disputed information and further failed to abide by the CDIA

Credit Reporting Resource Guide.

53.    CBC continues to furnish information that is wrong and negatively impacting Lowery's

credit.

54.    As a result of this negative information on his Consumer Reports, Lowery has experienced

a lower credit rating which impacts his ability to obtain credit or financing.

55.    Specifically, Lowery applied for credit and was subjected to higher interest rates due to his

low credit rating.

56.    Lowery has incurred monetary damages in the form of postage and attorneys' fees in his

attempts to have the Credit Reporting Agencies update the false and derogatory

information on his reports.

57.    Lowery has suffered additional economic damage from the denial of credit opportunities

and the increased cost of credit due to the reporting of this information by the Credit

Reporting Agencies.

58.    Lowery has suffered emotional distress from the mental and emotional impact of having a

low credit rating due to the actions of the Credit Reporting Agencies and CBC in the

reporting and furnishing of false and derogatory credit information.

**Count I: CBC Violated the Fair Credit Reporting Act**

59.     All of the foregoing paragraphs are realleged and incorporated herein by this reference.

60.     CBC furnished negative information regarding Lowery to Equifax and Trans Union.

61.     §1681s-2(a)(1) of the FCRA prohibits the furnishing of erroneous information to Credit Reporting Agencies if the Furnisher knows or has reason to know that the information is inaccurate.

62.     §1681s-2(a)(2) of the FCRA requires Furnishers of information to Credit Reporting Agencies to promptly notify Credit Reporting Agencies if they determine that information they have provided is not complete or accurate.

63.     §1681s-2(b) of the FCRA requires Furnishers of information to Credit Reporting Agencies to conduct an investigation in accordance with the terms of §1681i(a)(1) when the Furnisher receives a notice of dispute from a Credit Reporting Agency and to report the results of that investigation to the Credit Reporting Agency.

64.     Plaintiff through counsel disputed with Equifax and Trans Union the negative reporting of account(s) and counsel thoroughly explained why the account(s) were wrongly reported under Mississippi law.

65.     This dispute contained all relevant information regarding the dispute including that the accounts must show a $0 balance and should have a DE – Debt Extinguished Metro 2 Comment Code.

66.     CBC received notification of the dispute.

67.     CBC failed to conduct a meaningful investigation when they received notice of the dispute.

68.     CBC responded to the dispute in a manner that left the derogatory account information on Lowery's Credit Reports.

69.     The negative information continues to be reported.

70.     As a result of the dispute, CBC knew or should have known that the information it furnished to Equifax and Trans Union was inaccurate.

71.     If CBC had conducted a meaningful investigation of the Lowery's credit reporting dispute, there would be no outstanding balance reported.

72.     Accordingly, CBC violated §1681s-2(b) of the FCRA with respect to Lowery.

73.     Lowery has suffered actual financial damages as a result of CBC's violations of the FCRA.

74.     CBC's actions were willfully noncompliant with their duties under §1681s-2(b) to conduct a meaningful investigation upon notification of a credit reporting dispute and to modify incorrect information.

75.     Lowery has suffered emotional distress as a result of CBC's violations of the FCRA.

76.     As a result of this negative information on his Consumer Reports, Lowery has experienced a lower credit rating which impacts his ability to obtain credit or financing.

77.     Because of  CBC's willful violations of §1681s-2(b) of the FCRA, Lowery is entitled to statutory damages of $1,000.00 for each violation, as well as actual damages, punitive damages, and attorneys' fees pursuant to 15 U.S.C. §1681n.

78.     In the alternative, because of CBC's negligent violations of the FCRA, Lowery is entitled to actual damages, and attorneys' fees pursuant to 15 U.S.C. §1681o.

### Count II: CBC violated the Fair Debt Collection Practices Act

79.     All of the foregoing paragraphs are realleged and incorporated herein by this reference.

80.     CBC uses the instrumentalities of interstate commerce in its business, the principal purpose of which is the collection of debts.

81.     CBC is a "debt collector" as defined by 15 U.S.C. §1692a.

82.    Lowery is a natural person allegedly obligated to pay debts to CBC or to its clients.

83.    Lowery is a consumer as defined by 15 U.S.C. §1692a.

84.    Each of the accounts reported by CBC is a "Debt" as defined by §1692a(4) of the FDCPA as it is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."

85.    The reporting of a debt to Equifax and Trans Union by CBC is an attempt to collect that debt.

86.    Because the debt(s) are over 3 years old, the right and remedy has been extinguished and therefore any furnishing of information on those accounts that does not state the balance as $0 or includes "in collections" or "past due" is a false representation under 15 U.S.C. § 1692e.

87.    Because the debt(s) is beyond the statute of limitations, the reporting of the debt(s) by CBC as "in collections", a balance of more than $0, and or being "past due" is a false representation regarding the amount, character, and legal status of the debt(s).

88.    The actions of CBC in falsely representing the character, amount, and legal status of this debt are in violation of §1692e(2) of the FDCPA.

89.    CBC violated §1692d of the FDCPA by engaging in conduct the natural consequences of which was to harass, oppress, or abuse any person in connection with the collection of a debt.  Specifically, CBC's actions in reporting the debt(s) and debt status that it knew or had reasonable cause to believe was inaccurate violated the FCRA 15 U.S.C. §1681s-2(a) and the rights of the Plaintiff.

90.    Lowery has suffered actual financial damages as a result of CBC's violations of the

FDCPA including costs associated with certified mail, postage, and attorneys' fees.

91.    As a result of this negative information on his Consumer Reports, Lowery has experienced

a lower credit rating which impacts his ability to obtain credit or financing.

92.    Lowery suffered emotional distress as a result of the violations of the FDCPA by CBC.

93.    As a result of the above violation of the FDCPA, CBC is liable to Lowery for actual

damages, statutory damages up to $1,000.00, and attorney's fees pursuant to 15 U.S.C.

§1692k.

## Count III: As to Defendants: TransUnion and Equifax
## The Credit Reporting Agencies Violated the Fair Credit Reporting Act.

94.    All of the foregoing paragraphs are realleged and incorporated herein by this reference.

95.    15 U.S.C. §1681i(a)(5)(B)(ii) requires a Credit Reporting Agency to provide notice to a

consumer if previously deleted information is later reinserted into the consumer's file.

96.    15 U.S.C. §1681i(a)(1) provides that upon notification of a dispute to the accuracy of

information contained in a Consumer Report, that the Credit Reporting Agency will

"conduct a reasonable reinvestigation to determine whether the disputed information is

inaccurate."

97.    Lowery – through counsel – initiated a dispute with the Credit Reporting Agencies

regarding the reporting of his CBC accounts.

98.    The disputes contained all relevant information.

99.    Upon initiation of the dispute, the Credit Reporting Agencies had a duty to conduct a

reasonable investigation into the purported debt.

100.    The information furnished by CBC alone was sufficient to determine that the statute of

limitations had ran with respect to each of the accounts furnished by CBC.

101. A reasonable investigation would have revealed to Equifax and Trans Union that the debts to CBC were beyond the three-year statute of limitations and thus could not be reported as more than a $0 balance, and that the DE- Debt Extinguished Metro 2 Comment Code should be utilized along with the reporting – as stated in Lowery's dispute.

102. Negative and inaccurate information regarding the CBC accounts continues to be reported.

103. Accordingly, the Credit Reporting Agencies violated 15 U.S.C. §1681i with respect to Lowery by failing to conduct a reasonable investigation into Lowery's disputes.

104. Equifax fails to utilize a dispute notification system capable of notifying furnishers that consumer disputes are with respect to allegedly extinguished debts.

105. Trans Union fails to utilize a dispute notification system capable of notifying furnishers that consumer disputes are with respect to allegedly extinguished debts.

106. Each of the Credit Reporting Agencies have failed to maintain reasonable procedures to ensure maximum possible accuracy of Lowery's consumer reports as required by 15 U.S.C. §1681e.

107. Each of the Credit Reporting Agencies have failed to follow reasonable procedures to ensure maximum possible accuracy of Lowery's consumer reports as required by 15 U.S.C. §1681e.

108. Lowery has suffered actual financial damages as a result of the Credit Reporting Agencies violations of the FCRA.

109. The Credit Reporting Agencies actions were willfully noncompliant with their duties under §1681i to conduct a meaningful investigation upon notification of a credit reporting dispute and to modify incorrect information.

110.    Lowery has suffered emotional distress as a result of the Credit Reporting Agencies'
        violations of the FCRA.

111.    As a result of this negative information on his Consumer Reports, Lowery has experienced
        a lower credit rating which impacts his ability to obtain credit or financing.

112.    Because of the Credit Reporting Agencies' willful violations of the FCRA, Lowery is
        entitled to statutory damages of $1,000.00 for each violation, as well as actual damages,
        punitive damages, and attorneys' fees pursuant to 15 U.S.C. §1681n.

113.    In the alternative, because of the Credit Reporting Agencies' negligent violations of the
        FCRA, Lowery is entitled to actual damages, and attorneys' fees pursuant to 15 U.S.C.
        §1681o.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendants
respectfully pray of the Court as follows:

    A.    That the Plaintiff recover against CBC, Trans Union and Equifax a sum to be
          determined by the Court in the form of actual damages for Defendants' violations of
          the FCRA.

    B.    That the Plaintiff recover against CBC, TransUnion, and Equifax $1,000.00 in the form
          of statutory damages for each of the Defendants' violations of the FCRA.

    C.    That the Plaintiff recover against CBC, TransUnion, and Equifax a sum to be
          determined by the Court in the form of actual damages awardable under the FCRA;

    D.    That the Plaintiff recover against CBC $1,000 in statutory damages for their violations
          of the FDCPA;

E.      That the Plaintiff recover against all of the Defendants, jointly and severally, all

reasonable legal fees and expenses incurred by their attorney as authorized under the

FCRA; and

F.      That the Plaintiff have such other and further relief as the Court may deem just and

proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

this action so triable of right.

                                     Respectfully Submitted,

                                     David Lowery

        By Counsel:     /s/Michael T. Ramsey_____
                        Michael T. Ramsey, MSB #104978
                        SHEEHAN & RAMSEY, PLLC
                        429 Porter Avenue
                        Ocean Springs, MS 39564
                        MS Bar No. 104978
                        (228) 875-0572 Fax: (228) 875-0895
                        Mike@sheehanramsey.com